IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| IN RE | * | CASE NO. 12-06092 MCF |
| | * | |
| EDELISA LEON AVILES | * | CHAPTER 13 |
| | * | |
| DEBTOR | * | |

### DEBTOR'S OBJECTION TO CLAIM NO. 13-1
### FILED BY DORAL BANK

TO THE HONORABLE COURT:

COMES NOW, **EDELISA LEON AVILES**, debtor in the above captioned case, through the undersigned attorney, and very respectfully states and prays as follows:

1. That Doral Bank filed proof of claim 13-1, as a secured creditor, claiming pre-petition costs and fees **in the sum of $1,806.00**, in the above captioned case.

2. That Doral Bank's security stems from a mortgage loan, guaranteed with debtor's principal residence located at Quebrada Ward San Lorenzo, Puerto Rico.

3. That Doral Bank's claim no. 13-1 is hereby objected on the following grounds:

   a. The debtor filed the present bankruptcy case on August 1, 2012. Prior to the filing of this bankruptcy case, the debtor had incurred in arrears in her mortgage loan payments with Doral Bank.

   b. On March 26, 2012, the debtor and Doral Bank entered into a mortgage loan modification which cured all arrears and settled all foreclosure charges and costs incurred by the debtor with Doral Bank up to said date, due to her mortgage loan default.

Page – 2-
Debtor's Objection to Claim 13-1 filed by Doral Bank
Case no. 12-06092 MCF13

c. On said date, March 26, 2012, at the loan mortgage loan modification closing, the debtor paid Doral Bank the sum of $917.00 for costs and fees.

d. That all other accrued interest, late charges, costs and fees owed to Doral Bank as of said date, were included in said loan modification or "new principal".

e. That after the loan modification of March 26, 2012, the debtor has maintained current her mortgage loan payments to Doral Bank and as of the date of filing the present bankruptcy petition owed no ($0.00) arrears to Doral Bank.

f. That Doral Bank has filed with its claim 13-1 the following itemization as to its pre-petition costs and fees:

| | |
|---|---|
| Attorneys fees…………………………….. | $400.00 |
| Property Inspection fees………………… | 75.00 |
| Title costs………………………………….. | 35.00 |
| Appraisal…………………………………… | 300.00 |
| Other/ Foreclosure fees………………. | 996.00 |
| **Total……………………………..** | **$1,806.00** |

g. That considering that on March 26, 2012, the debtor paid and/or the parties executed a mortgage loan modification which cured all arrears, costs and fees and furthermore, considering that the debtor has maintained current her mortgage loan payments after executing said loan modification and prior

Page – 3-
Debtor's Objection to Claim 13-1 filed by Doral Bank
Case no. 12-06092 MCF13

to the filing of the present bankruptcy petition, the fees and costs which are claimed in the sum of $1,806.00, may not be recovered by Doral Bank, since the same were already paid and/or seem unreasonable in the present case.

h. Therefore, claim no. 13-1, **concerning the pre-petition costs, fees and expenses of $1,806.00, should be reduced to $0.00, in the present case.**

**WHEREFORE**, debtor requests this motion be granted, and that Doral Bank's proof of claim **no. 13-1 for pre-petition costs, fees and expenses be reduced to $0.00**.

**NOTICE PURSUANT TO LOCAL RULE 3007-1 (c)**: Within thirty (30) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 900(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Clerk's office of the U.S. Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the objection will be deemed unopposed and may be granted unless: (1) the requested relief is forbidden by law; (2) the requested relief is against public policy; or (3) in the opinion of the court, the interest of justice requires otherwise. If you file a timely response, the may – in its discretion – schedule a hearing. Local Rule 3007-1 (c).

**I CERTIFY** that on this same date a copy of this motion was filed with the Clerk of he Court using the CM/ECF filing system which will send notice of such to Alejandro Oliveras Rivera, Esq. Chapter 13 Trustee; Monsita Lecaroz Arribas, Esq., Assistant US Trustee; I also certify that a copy of this motion was sent via email rgarcia@fgrlaw.com to Rosamar Garcia Fontan, Esq., Fiddler Gonzalez & Rodriguez, PSC, Counsel for Doral Bank; and via regular US Mail to Rosamar Garcia Fontan, Esq., Fiddler Gonzalez & Rodriguez, PSC Counsel for Doral Bank, PO Box 363507 San Juan PR 00936-3507; Glen Wakeman, President/CEO Doral Bank, PO Box 70308 San Juan PR 00936-8308; and to the debtor Edelisa Leon

Page – 4-
Debtor's Objection to Claim 13-1 filed by Doral Bank
Case no. 12-06092 MCF13

Aviles, Urb Campamento 21 Calle 3 Gurabo PR 00778.

**RESPECTFULLY SUBMITTED**, in San Juan, Puerto Rico, this 20th day of December, 2012.

/s/Roberto Figueroa Carrasquillo
ROBERTO FIGUEROA CARRASQUILLO
USDC #203614
ATTORNEY FOR PETITIONER
PO BOX 186 CAGUAS PR 00726
TEL NO 787-744-7699
FAX NO 787-746-5294
Email: rfigueroa@rfclawpr.com